GREEN, Judge,
delivered the opinion:
The plaintiff in this case served in the United States Navy under one enlistment during the period from June 1, 1917, to December 30, 1921, inclusive. On June 22, 1920, he was given by the Bureau of Navigation the rating of chief special mechanic, and until March 28, 1921, he received the rate of pay and allowances provided by the act of October 6, 1917, for such position, being $152.70 per month. Thereafter, until his enlistment expired, he was paid $133.00 per month, the Government claiming that this *71 was all to which he was entitled under the provisions of the act of May 18, 1920, and by checkage against his pay the net amount which he received for the period from the time he was appointed chief special mechanic to the end of his enlistment was reduced to this rate of $133.00 per month. He now brings this suit to recover the difference between the amount which he received at the rate of $133.00 per month and the amount which he claims was due at the rate of $152.70 per month for the period from and after he was appointed chief special mechanic.
The rate of $152.70 per month, which plaintiff was for a time paid and to which he now claims he is entitled, was fixed in accordance with the act of October 8,1917, but before he received the rating which he claims entitled him to this amount of pay the act of May 18, 1920, was passed, which defendant claims applied to his case and fixed the amount of pay which he should receive. The controversy in the case therefore arises over the proper construction of the act of May 18, 1920. Counsel for plaintiff claim that this act had no application to his case for two reasons:
(1) That section 14 thereof prevented the reduction of the pay of any petty officers under the general provisions of the act;
(2) That plaintiff got his rating as chief special mechanic under the special provisions of the act of October 6, 1917, and that these provisions would not be repealed or changed ’.by the passage of a general act, such as plaintiff claims the act of May 18, 1920, to be.
The applicable provisions of the two statutes are as follows:
The act of October 6,1917 (40 Stat. 397), provides:
“ Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the ratings of * * * chief special mechanic * * * be, and they are hereby, established in the artificer branch of the Navy with the following rates of base pay per month: * * * chief special mechanic, $127; * * * Provided, That the base pay of machinists’ mates, .second class, and water tenders be, and it is hereby, increased from $40 to $45 per month: Provided further, That all the ¡aforesaid rates of pay shall be subject to such increases of *72 pay and allowances as are, or may hereafter be, authorized by law for enlisted men of the Navy: And provided further, That appointments or enlistments in the said ratings may be made from enlisted men in the Navy or from civil life, respectively, and the qualifications of candidates for any of said ratings shall be determined in accordance with such regulations as the Secretary of the Navy may prescribe.”
The act of May 18, 1920 (41 Stat. 602), provides:
“ Sec. 6. That, commencing January 1, 1920, the following shall be the rate of base pay for each enlisted rating: Chief petty officers with acting appointments, $99 per month; chief petty officers with permanent appointments and mates, $126 per month. * * * .
“ Sec. 14. That nothing contained in this act shall operate to reduce the pay or allowances of any officer or enlisted man on the active or retired list: Provided, That the allowances and gratuities now authorized by existing law are not changed hereby, except as otherwise specified in this act.”
Plaintiff especially relies on section 14 of the act of May 18, 1920, and claims that the provisions of this section prevented such a reduction in pay as that of which the plaintiff complains. With this we can not agree. Plaintiff enlisted on June 1, 1917, as machinist’s mate, second class, and at the time the 1920 act was passed and went into effect plaintiff had not received his appointment as chief special mechanic. At that time he was rated as chief machinist’s mate, acting appointment, but the evidence does not show what pay he received and the petition does not allege that there was any reduction in his pay from the time when the 1920 act (retroactive) went into force, namely, January 1, 1920, up to the time when he was rated chief special mechanic on June 22, 1920. Not having been appointed chief special mechanic until after the passage of the act of 1920, there was no authority for giving him pay at any other rate than that specified therein. Section 14, as we think, applied only to those who already held the appointment for which they claimed pay in accordance with the act of 1917. The construction for which plaintiff contends would make section 14 read as follows:
“ That nothing contained in this act shall operate to reduce the pay or allowances now provided by law of any officer or enlisted man on the active or retired list: * *
*73 It is argued that Congress did not intend to reduce the pay of any rating in the Navy by the act of 1920. We think it did not so intend as to ratings then existing and made in accordance with prior law, but it seems to us it is a novel theory, that, if a new statute is passed making different provisions from those of a prior law and after the enactment of the new statute an appointment is made, it should be governed by the provisions of the prior law, simply because there is a provision in the new act that it shall not “ operate to reduce the pay or allowances of any officer or enlisted man on the active or retired list.” Had Congress intended that the act of 1920 should operate only where it produced an increase over the rates provided by previous acts and otherwise be of no force and effect, we think it would have used very different language.
The contention of plaintiff is in effect that if a petty officer was appointed after the passage of the act of 1920 his pay would not be governed by that act but controlled by the provisions of the act of October 6, 1917. Such a construction can only be made by sustaining plaintiff’s second contention stated above, which is that the act of 1917 was special and the act of 1920 was general, and that a subsequent general law will not change or repeal a previous statute special in its provisions. This seems to present a question of greater difficulty but which, after careful consideration, we have resolved against the plaintiff. We think the act of 1917 could hardly be called a special provision. A reading of the whole of the act (all of which is not set forth in this opinion) shows that it applied to the artificer branch of the Navy, including a number of petty officers or specified designations, fixing the base rate of pay of each. Moreover, if section 6 of the 1920 act seems to be general in its provisions, we think it is made specific by section 14, giving the section last named the construction which we have applied above.
As plaintiff’s rate of pay was properly computed under the act of 1920, it follows that his petition must be dismissed and it is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, GMef Justice, concur.